# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

THOMAS LUCEY, Derivatively on Behalf of
Nominal Defendant 2U, INC.,

                Plaintiff,

v.

CHRISTOPHER J. PAUCEK, et al.,

                Defendants,

and

2U, INC.,

                Nominal Defendant.

Case No. 1:20-cv-02424-GLR

## ORDER AND FINAL JUDGMENT

WHEREAS, shareholder derivative litigation is pending in this Court captioned *Lucey v. Paucek, et al.*, No. 1:20-cv-02424-GLR (D. Md.) (the "Lucey Action");

WHEREAS, shareholder derivative litigation entitled *Shumacher v. Paucek, et al.*, No. 2020-1019-LWW is pending in Delaware Chancery Court; *Theis v. Paucek, et al.*, No. 1:20-cv-3360-PAC is pending in the United States District Court for the Southern District of New York; and *Sebagh v. Paucek, et al.*, No. 1:22-cv-01205-CFC is pending in the United States District Court for the District of Delaware (collectively the "Other Actions") (together with the Lucey Action, the "Actions");

WHEREAS, (1) Thomas Lucey ("Lucey"); (2) Richard Theis ("Theis"); (3) Leo Shumacher ("Shumacher"); (4) Daniel Sebagh ("Sebagh") (collectively with Lucey, Theis, and Shumacher, the "Plaintiffs"); (5) nominal defendant 2U, Inc. ("2U" or the "Company"); and (6) the current and former 2U officers, directors, and employees named in any of the Actions, including Christopher J. Paucek, Catherine A. Graham, Harsha Mokkarala, Paul A. Maeder,

Robert M. Stavis, Gregory K. Peters, Timothy M. Haley, Valerie B. Jarrett, Earl Lewis, Coretha M. Rushing, Sallie L. Krawcheck, John M. Larson, Edward S. Macias, Alexis Maybank, Mark J. Chernis, and James Kenigsberg (collectively with 2U, "Defendants," and together with the Plaintiffs, the "Parties") have entered into the Stipulation and Agreement of Settlement (the "Stipulation") dated June 16, 2023, which sets forth the terms and conditions of the proposed settlement (the "Settlement") that provides for a complete dismissal with prejudice of the Actions and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court;

WHEREAS, by Order dated July 6, 2023, ("Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to Current 2U Shareholders; (iii) provided any Person who owned 2U stock as of June 16, 2023, and continued to hold such 2U common stock as of the date of the Settlement Hearing with the opportunity to object to the proposed Settlement and/or Plaintiffs' Counsel's request for approval of the Fee and Expense Amount; and (iv) scheduled a hearing regarding final approval of the Settlement ("Settlement Hearing");

WHEREAS, on September 22, 2023, after full briefing, the Court held the Settlement Hearing to consider, among other things, whether Judgment should be entered: (i) finally approving the terms of the Settlement as fair, reasonable, and adequate; (ii) dismissing with prejudice the Lucey Action against Defendants pursuant to the terms of the Stipulation; and (iii) ruling upon Plaintiffs' Counsel's request for approval of the Fee and Expense Amount;

Reasonable and adequate notice having been given to Current 2U Shareholders as required in the Preliminary Approval Order, and the Court having considered all of the papers filed and proceedings had in this matter and otherwise being fully informed and good cause appearing

therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation and, unless otherwise defined in this Judgment, all capitalized terms used in this Judgment shall have the same meaning as set forth in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all Parties.

3.      The Court finds that: (a) the filing of the Notice with the U.S. Securities and Exchange Commission on Form 8-K, and the publication of the Notice on the "Investor Relations" page of 2U's corporate website were implemented in accordance with the Preliminary Approval Order and (b) the method of providing notice of the Settlement and the Settlement Hearing set forth in the Preliminary Approval Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Current 2U Shareholders of the pendency of the Actions, of the effect of the proposed Settlement (including the releases to be provided thereunder), of their right to object to the Settlement and/or Plaintiffs' Counsel's request for approval of the Fee and Expense Amount, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) fully satisfies the requirements of Rule 23.1(c) of the Federal Rules of Civil Procedure and the requirements of due process.

4.      The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to the Plaintiffs, to 2U and to Current 2U Shareholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

5.     The Lucey Action, all claims contained therein, and the Released Claims, are hereby ordered compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings in the Lucey Action and this Judgment. The Parties are each to bear their own costs, except as otherwise provided in the Stipulation and in connection with the attorneys' fees and expenses approved by the Court.

6.     The terms of the Stipulation and of this Judgment shall be forever binding on the Parties and all Current 2U Shareholders, as well as their respective successors and assigns. Any Current 2U Shareholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice is deemed to have waived the right to object to any aspect of the proposed Settlement and the Fee and Expense Amount (including any right of appeal or collateral attack); is forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the Fee and Expense Amount; and is deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding with respect to any matters concerning the Settlement or the Fee and Expense Amount.

7.     The Court orders that the releases set forth in the Stipulation shall be effective as of the Effective Date. Accordingly, the Court orders that:

a.     Upon the Effective Date, Plaintiffs and each and every other 2U shareholder, in their capacities as such, derivatively on behalf of 2U, and on behalf of themselves and their respective agents, spouses, heirs, executors, administrators, personal representatives, predecessors, successors, transferors, transferees, representatives, and assigns, in their capacities as such ("Shareholder Releasors"), and 2U directly, shall be deemed to have, and by operation of law and this Order and Final Judgment shall have, completely, fully, finally, and forever compromised,

settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice the Released Plaintiffs' Claims against the Released Defendants.

b.    Upon the Effective Date, the Released Defendants shall be deemed to have, and by operation of law and the Judgment shall have, completely, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice the Released Defendants' Claims against the Released Plaintiffs and shall be forever enjoined from prosecuting the Released Defendants' Claims, excluding claims relating to the enforcement or effectuation of the Settlement or Order and Final Judgment.

c.    "Released Plaintiffs' Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, issues, liabilities, and charges of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, against the Released Defendants, that (i) were asserted in any of the complaints filed in the Actions, or (ii) could have been asserted by 2U directly, or by Plaintiffs or any other 2U shareholder derivatively on behalf of 2U in any court, tribunal, forum, or proceeding, arising out of, relating to, based upon, or involving, directly or indirectly, any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Actions, including, without limitation, any such claims based in whole or in part on any allegations relating to 2U's public statements regarding its enrollment trends and projections, revenue forecasts, or business model

or made in any of the following actions or proceedings: (1) *Lucey v. Paucek, et al.*, No. 1:20-cv-02424-GLR (D. Md.); (2) *Shumacher v. Paucek, et al.*, No. 2020-1019-LWW(Del. Ch.); (3) *Theis v. Paucek, et al.*, No. 1:20-cv-3360-PAC (S.D.N.Y.); (4) *Sebagh v. Paucek, et al.*, No. 1:22-cv-01205-CFC (D. Del.), (5) *In re 2U, Inc. Securities Class Action*, No. 19-cv-03455-TDC (D. Md.) (the "Securities Class Action"), or (6) any government investigations, actions, or proceedings referenced in the Actions.

d.   "Released Defendants" means: (i) Defendants and Defendants' Counsel; (ii) the current and former parents (including general or limited partners), affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the Defendants and Defendants' Counsel; and (iii) all of the former or current agents, controlling persons, principals, members, managers, managing members, direct or indirect equity holders, employees, officers, directors, trustees, predecessors, successors, attorneys, heirs, insurers, reinsurers, co-insurers, underwriters, accountants, auditors, consultants, other representatives, servants, respective past or present family members, spouses, agents, fiduciaries, corporations, bankers, estates, and advisors of each person and/or entity listed in (i) and (ii), in their capacities as such, and each of their current and former officers, directors, employees, parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees, in their capacities as such.

e.   "Unknown Claims" means any and all Released Claims that any of the Parties or any 2U shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, including claims which, if known by him, her, or it, might have affected his, her, or its decision to settle or the terms of his, her, or its settlement with and releases provided to the other Parties, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Plaintiffs' Claims, the Parties stipulate and agree that, upon

the Effective Date, the Parties shall expressly waive, and, with respect to Released Plaintiffs'

Claims that could have been asserted derivatively by a 2U shareholder, all other 2U shareholders

by operation of the Court's judgment shall have expressly waived, the provisions, rights, and

benefits of California Civil Code § 1542, or any other law of the United States or any state or

territory of the United States, or principle of common law that is similar, comparable, or equivalent

to Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES NOT
> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
> OR RELEASED PARTY.

The Parties and each 2U shareholder may hereafter discover facts in addition to or different from

those which he, she, or it now knows or believes to be true with respect to the subject matter of the

Released Plaintiffs' Claims, known or Unknown, suspected or unsuspected, contingent or non-

contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon

any theory of law or equity now existing or coming into existence in the future, including, but not

limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty,

law or rule, but the Parties and each 2U shareholder shall expressly, fully, finally and forever settle

and release, and upon the Effective Date and by operation of the Judgment shall have settled and

released, fully, finally, and forever, any and all Released Claims as applicable without regard to

the subsequent discovery or existence of such different or additional facts.   The Parties

acknowledge, and the 2U shareholders shall be deemed by operation of the Judgment to have

acknowledged, that the foregoing waiver was separately bargained for and is a key element of the

Settlement of which this release is a part.

f.    "Released Defendants' Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, defenses, counterclaims, offsets, decrees, matters, issues, and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, which were or which could have been asserted by any of the Defendants in any court, tribunal, forum, or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, the commencement, prosecution, defense, mediation, or settlement of the Actions, including, but not limited to, discovery produced in the Actions.  For the avoidance of doubt, the Released Defendants' Claims shall not include any claims to enforce this Settlement, the Judgment, or any other document memorializing the Settlement of the Actions and shall not include claims, if any, that any Party may have against its insurer with respect to any payment obligations under this Settlement.

g.    "Released Plaintiffs" means Plaintiffs, Plaintiffs' Counsel, 2U shareholder(s), and any and all of their former or current agents, parents, controlling persons, general or limited partners, members, managers, managing members, direct or indirect equity holders, subsidiaries, affiliates, employees, officers, directors, predecessors, successors, attorneys, heirs, assigns, insurers, reinsurers, consultants, other representatives, servants, respective past or present family members, spouses, agents, fiduciaries, partners, corporations, direct or indirect affiliates, bankers, estates, and advisors, in their capacities as such.  Notwithstanding anything to the contrary herein,

none of 2U or any of 2U's controlled affiliates shall be Released Plaintiffs.

   h.   "Released Persons" means, collectively, the Released Defendants and the Released Plaintiffs. "Released Person" means, individually, any of the Released Persons.

   8.   Upon the Effective Date, Shareholder Releasors shall be forever enjoined from pursuing or prosecuting against the Released Defendants any and all Released Plaintiffs' Claims and any other derivative litigation or demands, including books-and-records demands, arising out of or relating to any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Actions.

   9.   Neither this Judgment, nor the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither this Judgment, nor the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or this Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim

based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.     The Court hereby approves the agreed Fee & Expense Amount of $987,500, which amount the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation.  The entire Fee and Expense Amount shall remain in the escrow account until the later of (i) the Effective Date; or (ii) the date upon which the approval of any Fee and Expense Amount has become final and nonappealable.

11.     Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto, to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of 2U or Current 2U Shareholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

12.     The Court retains jurisdiction to consider and resolve any disputes that may arise in connection with any amendment or modification (as permitted in the Stipulation) and with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation and implementation and enforcement of the Settlement.

13.     This Judgment is a final, appealable judgment and shall be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 22nd day of September, 2023.

**It is further ordered this 22nd day of September, 2023 that this Order GRANTS both ECF No. 53 and 54. The Court shall CLOSE this case.**

HONORABLE GEORGE LEVI RUSSELL, III
UNITED STATES DISTRICT COURT

_____/s/_____
**George L. Russell, III
United State District Judge**